IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-206-FL

JOY G. JONES,                              )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )
                                           )        ORDER
MICHAEL J. ASTRUE,                         )
Commissioner of Social Security,           )
                                           )
                Defendant.                 )
                                           )

      This matter comes before the court on the parties' cross motions for judgment on the

pleadings (DE # 29, 31).  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and

recommendation ("M&R") wherein he recommends that the court grant plaintiff's motion, deny

defendant's motion, and remand this case to the Commissioner of Social Security ("Commissioner")

for further proceedings.  Defendant timely filed objection to the M&R to which plaintiff responded.

In this posture, the issues raised are ripe for ruling.  For the reasons that follow, the court adopts the

recommendation of the magistrate judge.

## BACKGROUND

      Plaintiff filed an application for disability insurance benefits ("DIB") and social security

income ("SSI") on May 7, 2007, alleging a disability onset date of December 1, 2005.  Both claims

was initially denied and upon reconsideration.  Hearing was held before an Administrative Law

Judge ("ALJ") on October 7, 2009, at which plaintiff was represented by counsel and a vocational

expert ("VE") appeared and testified.  On November 16, 2009, the ALJ issued decision denying

plaintiff's request for benefits. On April 21, 2011, the Appeals Council ("AC") denied plaintiff's request for review. Plaintiff filed complaint in this court for review of the final administrative decision.

**DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)( 1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)( 1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or

2

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).[1]

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: diabetes mellitus, gastrointestinal ("GI") difficulties and depressive disorder. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Applying the special technique for evaluation of mental impairments, the ALJ found that plaintiff's mental impairments resulted in mild limitations in her activities of daily living and social functioning, moderate difficulties with concentration, persistence and pace and no episodes of decompensation.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform medium work requiring only simple, routine and repetitive tasks and

---

[1] The court also notes that when assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)-(c) and 416.920a(b)-(c), also referenced in the M&R. See M&R 3. Where plaintiff's alleged mental imparments are not the subject of the objections lodged by defendant, this standard is not discussed in further detail.

occasional climbing of ladders and no concentrated exposure to hazards. The ALJ determined that plaintiff could not perform her past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy.

B.      Analysis

Defendant objects to the magistrate judge's review of the plaintiff's RFC, specifically, the magistrate judge's review of the portion of the ALJ's opinion that discounted the opinion of Danielle Maier, a physician's assistant who reported that plaintiff's vomiting and inability to eat worsened the control of her diabetes. Tr. 24, 414. The magistrate judge found that the ALJ incorrectly relied on her own opinion when she noted plaintiff's ability to maintain a consistent weight and avoid hospitalization for dehydration as evidence that plaintiff was not suffering to the extent alleged from chronic vomiting or diarrhea. Tr. 24. The magistrate judge concluded that the ALJ cited no medical basis for her belief that the plaintiff's symptoms necessarily should lead to dehydration, malnutrition, and weight loss. The magistrate judge found that the ALJ improperly used her own lay opinion of plaintiff's symptoms in lieu of an expert opinion. Accordingly, the magistrate judge recommends remand because he could not find that the ALJ's opinion was supported by substantial evidence.

Under well-settled law, an ALJ employs a two-step process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See Craig, 76 F.3d at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged. Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (per curiam) (citing Craig, 76 F.3d at 591-96). The ALJ must consider the entire record in making this determination. 20

4

C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4. The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, plaintiff's statements regarding the intensity, persistence, and limiting effects of the these symptoms was not credible to the extent they were inconsistent with the RFC assessment. Specifically, in considering physician assistant Maier's opinions regarding plaintiffs vomiting, diarrhea, and pain, the ALJ discounted Maier's observations because of a lack of hospitalization for dehydration or weight loss, which the ALJ suggested would be consequences of the vomiting and diarrhea Maier noted and plaintiff described.[2]

In the absence of medical evidence to support a particular position, an ALJ does not possess the competency to substitute her views on certain medical issues for that of a trained professional. See Grimmett v. Heckler, 607 F.Supp. 502, 503 (S.D.W.Va. Apr. 17, 1985) (ALJ gave unsubstantiated opinions regarding a claimant's psychiatric problems); see also Wiggins v. Apfel, 29 F.Supp.2d 486, 492 (N.D.Ill. 1998) ("[i]f an ALJ indulges his [or her] layman's view of a disorder in lieu of the expert opinion, the ALJ's decision lacks evidentiary support and must be returned to the Administration for further proceedings.").

Defendant vehemently objects to the magistrate judge's analysis, offering various citations to internet medical sources that describe the connection between diarrhea, vomiting, and dehydration and weight loss. Defendant argues that it is common knowledge that vomiting and diarrhea would lead to weight loss and/or dehydration. Defendant also cites the RFC assessment by Dr. Martin, and his observation that plaintiff had not experienced significant weight loss despite the fact that plaintiff

---

[2] As the magistrate judge set forth, a physician assistant is not considered an acceptable medical source, see 20 C.F.R. §§ 404.1513(a), 416.913(a), however, evidence from "other sources" such as a physician assistant may be used to show the severity of a claimant's impairments and how it affects it her ability to engage in work related activities. Id. §§ 404.1513(d), 416.913(d).

5

stated she could not keep down most meals. Tr. 279.

With regard to defendant's heavy reliance on outside exhibits and sources for the argument that it is common place knowledge that dehydration and weight loss accompany diarrhea and vomiting, the court reminds that it cannot simply substitute its reasoning for the ALJ's on different grounds than that relied upon by the ALJ. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947); Steele v. Barnhardt, 290 F.3d 936, 941 (7th Cir. 2002); Ledbetter v. Astrue, 2011 WL 1335840 n.6 (D.S.C. Apr. 7, 2011). Defendant's exhibits are offered in lieu of the medical opinion the magistrate judge found was lacking. These sources do not provide the requisite support, and furthermore, it would be error for the court to rely on them and reach a decision on different grounds than those considered by the ALJ. Additionally, as plaintiff points out in her response, it was not simply weight loss and dehydration that the ALJ suggested should be present, but hospitalization for the same. Tr. 24.

What defendant effectively asks the court to do is substitute its judgment for the ALJ's, or at the very least, make findings based on sources offered by defendant that would affirm the ALJ's opinion. Defendant asks the court to do what the case law prohibits a district court from doing. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (when reviewing the administrative record for substantial evidence, a reviewing court may not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner.). With regard to defendant's argument that the ALJ's findings were consistent with Dr. Martin's opinion, the court does not find this argument persuasive where all defendant cites in support is a remark from Dr. Martin that plaintiff had not lost weight. This remark does not provide the expert basis for the ALJ's opinion that in order for diarrhea and vomiting to be serious, even though both conditions were cited by several treating physicians throughout the record, these conditions should have

6

resulted in hospitalization for dehydration and/or weight loss for plaintiff to be considered credible.

Defendant relies on Felton-Miller v. Astrue, 2011 WL 6396463 (4th Cir. 2011), for the proposition that ALJs are not laymen unqualified to make a RFC assessment. Neither party disputes that ALJs are qualified to make RFC assessments. Felton-Miller contains an accurate description of the ALJ's role in determining the RFC, including the observation that the RFC "is an administrative assessment made by the Commissioner based on all the relevant evidence in the case record." Felton-Miller, 459 F. App'x at 230-31; see also 20 C.F.R. §§ 404.1546(c), 416.946(c) (2011) (assigning responsibility of RFC assessment at hearing level to ALJ). However, plaintiff lodges no argument here that a medical expert's opinion is necessary for the RFC determination. Rather, plaintiff makes a more specific objection to the ALJ's analysis, which is that in determining the RFC, when considering a plaintiff's credibility, the ALJ cannot "require" certain medical symptoms to have manifested themselves to find a plaintiff's descriptions of pain credible, when the ALJ has no medical expert testimony or evidence to bolster such an opinion.

Additionally, Felton-Miller notes that the RFC is "based on all the relevant evidence in the case record." 459 F. App'x at 230-31. The magistrate judge pointed out, and defendant does not dispute, the other significant medical evidence in the record which supported plaintiff's descriptions of diarrhea and vomiting. See Tr. 209, 214-15, 218, 221, 345, 350, 413, 416, 424, 438. Because the ALJ's determination was based on her opinion about what constitutes diarrhea and vomiting, and this opinion conflicts with observations throughout the record that plaintiff was experiencing these conditions, the court agrees with the magistrate judge that it cannot determine that the ALJ's opinion is supported by the substantial evidence of record, and remand is appropriate.

Defendant's brief argues that ALJs have more specialized knowledge than the average layman in many matters commonly presenting themselves in social security litigation. The court

7

does not dispute this, nor does it discount the unique role ALJs play and the knowledge they possess. This case, however, presents a situation where an ALJ suggested that a medical consequence should have manifested itself based on what plaintiff described, and without offering medical support for why that consequence should have occurred, discounted plaintiff's credibility. This is more than Felton-Miller addressed.

Defendant argues that remand would be futile and wasteful. The court disagrees. Based on the record before it, the court cannot determine that the ALJ's determinations were based on the substantial evidence of the record. Thus, the case is the very type that Congress and the courts have deemed appropriate for remand. It is not immediately obvious that the ALJ would reach the same decision on remand, where the court reminds of the appropriate basis for evaluating a claimant's credibility, as well as reminds that the credibility determination for a claimant's RFC must be supported by the substantial evidence in the record.

The remainder of defendant's brief is dedicated to "other issues" regarding plaintiff's diarrhea. Defendant argues that some facts in the record indicate that plaintiff's diarrhea is not as severe as she states it is, that her diarrhea can be controlled by the use of an over-the-counter drug, and that the record contains contradictory evidence as to how severe her condition is. Rejecting these arguments, the court cites to the same case law defendant cites, Hays, 907 F.2d at 1496, to remind that at this juncture, re-weighing the facts and making credibility determinations is not the role of the district court. As defendant points out, "[u]ltimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1496. It is not this court's role to reweigh evidence considered by the ALJ, rather, the ALJ will weigh all the evidence in the record on remand, including the evidence cited by defendant.

Lastly, defendant argues that Ms. Maier's opinion as to plaintiff's disability or ability to work is not entitled to controlling weight. This point is not in dispute. Neither plaintiff nor the magistrate judge have suggested that Ms. Maier's opinion as to plaintiff's ability to work should have been given greater weight by the ALJ. To the contrary, whether or not a claimant is disabled is a finding of fact reserved for the Commissioner. See Morgan v. Barnhardt, 142 F. App'x 716, 721-22 (4th Cir. 2005); 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Accordingly, the assignment of error is without merit.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS plaintiff's motion for judgment on the pleadings (DE # 29), DENIES defendant's motion for judgment on the pleadings (DE # 31), and REMANDS the case to the Commissioner for further proceedings. The Clerk is directed to close this case.

SO ORDERED this the 17th day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

9